(68 Misc. Rep. 259.)

### In re HIGGINS.

(Surrogate's Court, Kings County.　June, 1910.)

1. DIVORCE (§ 327*)—RECORD—EFFECT OF RECITALS—APPEARANCE.

A recital in a divorce judgment rendered in a sister state that defendant failed to appear is conclusive upon plaintiff, and is not overcome by a waiver of service of notice of taking depositions in the action filed therein, purporting to be signed by defendant's attorney.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 327.*]

2. DIVORCE (§ 327*)—FOREIGN JUDGMENT—FULL FAITH AND CREDIT.

Where the record of such judgment was afterwards corrected by striking out such recitals from the judgment on plaintiff's motion and inserting a recital of defendant's personal appearance, full faith and credit will be given thereto in New York, and plaintiff's subsequent marriage in New York will be held valid, and her right to administer upon the estate of her husband enforced.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 327.*]

Proceedings for settlement of the estate of Thomas C. Higgins. Application of Edwin E. Higgins to revoke letters of administration

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Gertrude S. Sharp, otherwise known as Gertrude S. Higgins. Application denied.

See, also, 65 Misc. Rep. 415, 121 N. Y. Supp. 907.

Sparks & Fuller, for Edwin E. Higgins.

Jay & Smith (Alfred G. Reeves, of counsel), for Gertrude S. Higgins.

KETCHAM, S. This is a proceeding by the next of kin to set aside letters of administration granted to the respondent as the widow of the intestate. The question is presented whether or not she is the widow of the intestate, and this depends upon the validity and effect of a judgment of divorce in the respondent's favor against a former husband, which was rendered before she entered upon the ceremony of marriage with the intestate.

The respondent was married to Frederick W. Sharp on December 12, 1888. In an action brought in the court of common pleas of Montgomery county, in the state of Ohio, in which this respondent was plaintiff and Frederick W. Sharp was defendant, a judgment of absolute divorce was entered upon grounds sufficient therefor under the laws of Ohio, but insufficient for a like judgment under the laws of this state. In that action the defendant was served by publication, and not personally.

A ceremony of marriage was solemnized between the intestate and the respondent on June 19, 1894. After the death of the intestate, letters of administration upon his estate were granted to the respondent. A son of the intestate, born to him by a wife who preceded the respondent, applied for the revocation of these letters; and the same were revoked upon a finding that at the time of her marriage to the intestate the respondent was the wife of Frederick W. Sharp, that the decree of divorce was ineffectual, and that she was not the intestate's widow.

The copy of the record then exemplified from the Ohio court showed that before the entry of the judgment of that court, and after notice that depositions would be taken in the state of New York to be used as evidence in the trial of the case, a paper was filed in the action which was as follows:

"Service of the above notice is acknowledged and proof of the official character of the officer before whom the said depositions may be taken is by agreement waived; also all exceptions as to time. Done this 15th day of June, A. D. 1892.                    Frederick W. Sharp,
                              "By John Andrews, His Attorney.
                       "John Andrews, Atty. for Deft."

It also appeared, from a like source, that the judgment in the action proceeded upon a recital in the words:

"The defendant having been legally summoned by publication and having failed to appear."

Upon these facts, the conclusion of this court was that, "whatever may otherwise have been the significance of the statement signed in the defendant's name, it could have no force against a declaration contained in the judgment that the defendant had failed to appear,"

and the respondent's letters were revoked. Thereafter the proceeding was reopened, and now comes on upon the evidence formerly taken, with such evidence as has been presented on the last hearing.

An exemplified copy of the record of the Ohio court is now produced, from which it appears that, since the revocation of the respondent's letters, the judgment of divorce has been amended nunc pro tunc by striking therefrom the words reciting the failure of the defendant to appear, and inserting in place thereof a recital that the defendant had entered his appearance in the action.

The order by which this amendment was directed was prayed for by Mrs. Higgins, upon her allegation that the judgment was made and entered upon the journal by inadvertence, mistake, or irregularity on the part of the clerk or scribe or person writing said entry; that the same was not the judgment order and decree at that time made by the judge of the court who then heard and determined the cause; and that the error and mistake in said entry consisted in the recital "having failed to appear," whereas the fact was, and the court at that time so found, that the defendant, Frederick W. Sharp, did enter his appearance in the case and was for the purpose of adjudication personally before the court.

Upon the motion for amendment the defendant, Frederick W. Sharp, appeared by attorney, through such attorney accepted notice of the said motion, made an application in support thereof, and undoubtedly promoted and assisted the application. It appears from the Ohio record, as well as the testimony before this court, that since the judgment of divorce Frederick W. Sharp has contracted a marriage.

Subsequently counsel for the next of kin of Thomas C. Higgins, the intestate, applied to the court of Ohio to vacate and set aside the nunc pro tunc entry or order modifying and correcting the original final judgment; and, after a rehearing of the matters involved in the making of said nunc pro tunc entry, the court, after hearing counsel of said next of kin, did find that the said application was not well taken and should be overruled, and did find, order, decree, and adjudge that said application of the next of kin aforesaid was overruled and denied, and the nunc pro tunc entry or order modifying and correcting the original decree was thereby allowed to stand and was thereby confirmed.

If full faith and credit be given to the record now duly presented, this court must find that on July 19, 1892, in a court of competent authority, of plenary jurisdiction of the subject-matter and of the person of the defendant, in an action in which the respondent, then Gertrude S. Sharp, was plaintiff, and her husband, Frederick W. Sharp, was defendant, a judgment of absolute divorce was entered. The record is that before the judgment was entered the defendant had entered his appearance in the action, and had thus submitted his person to the jurisdiction of the court, and that the court then recognized and found that he had entered his appearance, and based its decree, then reached, upon such appearance. It would involve an affront to the record, and a refusal of the full faith and credit to which it is entitled if this court should fail to follow and accept the judicial averment proceeding from a court of a sister state that, notwithstanding the original

recital of the lack of appearance, the decretal act of the court did in truth proceed upon the fact of appearance.

Against this, it is said that the amendment nunc pro tunc was obtained in fraud of this court and of the next of kin of the intestate; but the complete answer to this is that, since the defendant actually appeared in the action, it is impossible that the allegation of such appearance, or the taking of any appropriate relief based thereon, could partake of the essence of fraud or any wrong.

It is also claimed that the amendment was brought about by the collusion of the parties to the action, and it is obvious that both of them did join their endeavors to prevail upon the court to make the order nunc pro tunc. Again, it must be said that all they did was to assert the truth and to take such relief as the truth justified and required. Concert of action may sometimes be collusion, but a united effort to tell the truth and to conform a judgment to the fact which supports it lacks every covinous element.

The defendant had married again after the original judgment; and, if he were faithful to his new relation, he would want the amendment. The only honest position for him to assume was that of frank advocacy, while falsehood might well have been imputed to him if he had professed opposition or indifference.

Whatever may have been the motive of the motion, whatever may have been the grounds upon which the court was invited to consider the proposed correction of the judgment, whatever may now or hereafter be the effect of the amendment upon the parties or third persons, every such consideration seems to sink into irrelevance in view of the dominant truth, which the court in Ohio found, and which this court must adopt, that there had been an appearance by the defendant and there had been a judgment rendered upon actual jurisdiction of the defendant's person.

The petitioner makes the proposition that an absolute divorce, granted in a foreign state upon grounds not recognized in this state, will not be recognized by the courts of this state as an absolute divorce, and that such divorce will be given only such effect within this state as if the action had been brought here upon the same grounds. No suggestion to support this view has been found in the cases cited in its behalf.

Though constrained by the state of the record of the court of a sister state, it is still without any sense of regret or reluctance that this court finds the respondent, Gertrude S. Higgins, to be the lawful widow of the intestate, and denies the application for the revocation of her letters of administration.

Application denied.